# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHEN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| DEMETRO WARWICK, an individual, ) ) ) ) Plaintiff, ) ) ) ) ) v. ) ) ) ) ) ) ) ) ) JEFFERY ALLEN CARROLL, an individual, DUVALL CHEMICALS, LLC, a corporation; ) ) ) ) ) "A", "B" and "C", whether singular or plural, the person, firm, corporation, partnership, LLC, or other entity owning the vehicle which struck the motor vehicle operated by Plaintiff DEMETRO WARWICK on the occasion made the basis of this suit; "D", "E" and "F", whether singular or plural, the person, firm, corporation, partnership, or other entity on whose behalf the vehicle was being operated by an underinsured motorist, on the occasion made the basis of this suit; "G", "H" and ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.: _____ |

"I", being the driver of the motor )
vehicle which struck the motor )
vehicle operated by Plaintiff )
DEMETRO WARWICK on the )
occasion made the basis of this suit; )
"J", "K" and "L", whether )
singular or plural, being the )
person, firm, corporation, )
partnership, or other entity which )
    insured the vehicle driven )
and/or owned by the )
aforementioned fictitious )
Defendants and/or the )
underinsured motorist, which )
struck the vehicle operated by )
Plaintiff DEMETRO WARWICK )
on the occasion made the basis of )
this lawsuit. Plaintiffs aver that the )
identity of the fictitious party )
Defendants is otherwise unknown )
to Plaintiffs at this time, or if their )
names are known to Plaintiffs, )
their identity as proper party )
Defendants is not known to )
Plaintiffs at this time, but their true )
names and identities will be )
substituted by amendment when
ascertained,

        **Defendants.**

## **PLAINTIFF'S COMPLAINT**

## **PARTIES**

1. Plaintiff, DEMETRO WARWICK, is an individual resident citizen of the State of Alabama and is over the age of nineteen (19) years of age.

2. Defendant, JEFFERY ALLEN CARROLL, is an individual over the age of nineteen (19) and upon information and belief, is a resident citizen of Georgia.

3. Defendant DUVALL CHEMICALS, LLC is a Georgia corporation with its principal place of business in Dalton, Georgia.

4. Fictitious Defendants A, B, and C, whether singular or plural, is the person, firm, corporation, partnership, or other entity owning the vehicle which caused the collision with the vehicle Plaintiff DEMETRO WARWICK was operating, on the occasion complained of in this lawsuit.

5. Fictitious Defendants D, E, and F, whether singular or plural, is the person, firm, corporation, partnership, or other entity on whose behalf the vehicle was being operated by the underinsured motorist, on the occasion made the basis of this lawsuit.

6. Fictitious Defendants G, H, and I, is the driver of the motor vehicle which caused the collision with the vehicle Plaintiff DEMETRO WARWICK on the occasion made the basis of this lawsuit.

7. Fictitious Defendants J, K and L whether singular or plural, is the person, firm, corporation, partnership, or other entity which insured the vehicle driven and/or owned by fictitious Defendants and/or the underinsured motorist,

which caused the collision with the vehicle Plaintiff DEMETRO WARWICK was operating on the occasion made the basis of this lawsuit.

## JURISDICTION AND VENUE

8. The amount in controversy exceeds $75,000.00.

9. The collision made the basis of this lawsuit occurred in Talladega County, Alabama, which is located in the Northern District of Alabama, Eastern Division.

10. Complete diversity exists between the parties.

## FACTS

11. On or about the 6th of June, 2017 Plaintiff DEMETRO WARWICK was driving his 2004 Chevy Malibu and was traveling eastbound on Renfroe Road, Talladega County, Alabama.

12. At the same time, Defendant **JEFFERY ALLEN CARROLL**, who was operating a tractor trailer on behalf Defendant DUVALL CHEMICALS, LLC, was traveling southbound on Alabama Highway 275 in Talladega County, Alabama.

13. As Plaintiff approached the intersection of Renfroe Road and Alabama Highway 275 he had a green light and lawfully entered the intersection.

14. Defendant **JEFFERY ALLEN CARROLL**, who was also approaching the intersection of Renfroe Road and Alabama Highway 275 had a red light and

failed to stop at that light, entering the intersection and causing a collision between the vehicle he was operating and Plaintiff's vehicle.

15. As a proximate consequence of Defendants' negligent and/or wanton conduct, Plaintiff suffered physical injuries as set forth below.

## COUNT ONE - NEGLIGENCE

16. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

17. At the aforesaid time and place, Defendant **JEFFERY ALLEN CARROLL** was negligent in the operation of the commercial motor vehicle he was driving and said negligence caused a collision between his vehicle and the vehicle occupied by the Plaintiff.

18. As a result of the acts and/or omissions of the above-described Defendant, Plaintiff DEMETRO WARWICK was injured and damaged as follows:

   a. He suffered injuries to various portions of his body, including but not limited to his low back and right knee;
   b. He has experienced and continues to experience pain and suffering;
   c. He is reasonably certain to experience pain and suffering into the future;
   d. He has experienced and continues to experience mental anguish;
   e. He is reasonably certain to experience mental anguish in the future;
   f. He was knocked, shocked, bruised and contused over various portions of his body;
   g. He was permanently injured, disfigured and damaged;
   h. He was caused to incur personal injury medical expenses for treatment from various doctors, physicians and hospitals;
   i. He was caused to incur out-of-pocket medical expenses;
   j. He is reasonably certain to incur personal injury medical expenses in the future;

    k. He was caused to suffer both past and future lost wages, loss of income, loss of earnings capacity, and lost employment benefits; and

    l. His vehicle was torn, twisted and otherwise damaged.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine together with interest from the date of the injury plus the costs of this action.

## COUNT TWO - WANTONNESS

19. Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

20. At the aforesaid time and place, Defendant **JEFFERY ALLEN CARROLL** was wanton in his operation of the subject commercial motor vehicle, as the result of failing to stop at a lawfully required red light with knowledge that he was approaching an intersection. Said wantonness caused a collision between his vehicle and the vehicle occupied by Plaintiff.

21. As a proximate consequence of the wantonness of Defendants, and/or fictitious defendants, Plaintiff was injured and damaged as set forth in paragraph eighteen (18).

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date

of the injury plus the costs of this action.

### COUNT THREE – RESPONDEAT SUPERIOR

22. Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

23. At the time and place of the incident made the basis of this suit, Defendant JEFFERY ALLEN CARROLL was operating a commercial motor vehicle in the line and scope of his employment for Defendant DUVALL CHEMICALS, LLC. As such, Defendant JEFFERY ALLEN CARROLL was an agent and/or employee of Defendant DUVALL CHEMICALS, LLC. Defendant DUVALL CHEMICALS, LLC was the master or principal of Defendant JEFFERY ALLEN CARROLL and is vicariously liable for his actions. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

### COUNT FOUR– NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION AND RETENTION

24. Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

25. At the time of the occasion made the basis of this lawsuit, and for some

time prior thereto, Defendant DUVALL CHEMICALS, LLC was responsible for the hiring, training, supervising, and retention of Defendant JEFFERY ALLEN CARROLL. Defendant DUVALL CHEMICALS, LLC negligently and/or wantonly failed to hire, train, supervise, and retain Defendant JEFFERY ALLEN CARROLL. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

### COUNT FIVE – NEGLIGENT/WANTON ENTRUSTMENT

26. Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

27. At the time of the accident made the basis of this Complaint, Defendant DUVALL CHEMICALS, LLC was the owner of, and had the right of control over the use of the commercial vehicle driven by Defendant JEFFERY ALLEN CARROLL. Defendant DUVALL CHEMICALS, LLC negligently and/or wantonly entrusted said vehicle to Defendant JEFFERY ALLEN CARROLL who negligently and/or wantonly operated said vehicle injuring the Plaintiff. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries

and damages described herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

Respectfully Submitted,

*/s/ Sara L. Williams*
Sara L. Williams (ASB-3340-S56W)
Attorney for Plaintiff

**OF COUNSEL**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:      (205) 983-8140
Facsimile:  (205) 983-8440
Email:      swilliams@asilpc.com

Plaintiff's Address:
DEMETRO WARWICK
c/o Sara L. Williams
Shunnarah Injury Lawyers, P.C.

3626 Clairmont Avenue
Birmingham, AL 35222

**DEFENDANTS TO BE SERVED VIA PROCESS SERVER AS FOLLOWS:**

**JEFFERY ALLEN CARROLL**
**669 Richard Bennett Road**
**Crandall, Georgia 30721**

**DUVALL CHEMICALS, LLC**
**c/o H. Greely Joiner, Jr.**
**100 N. Selvidge Street**
**Dalton, Georgia 30722**